**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 18-22896-CIV-MARTINEZ-OTAZO-REYES

AML INVESTMENT IX, LLC
a Nevada limited liability company,

      Plaintiff,

vs.

THOMAS R. KENNEDY, J.R. and
PATRICIA W. KENNEDY, individually,

      Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**
**WITH PREJUDICE, AND INCORPORATED MEMORANDUM OF LAW**

Defendants, THOMAS R. KENNEDY, J.R. and PATRICIA W. KENNEDY (hereinafter collectively the **"Kennedys"** or **"Buyers"**), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move to dismiss the Plaintiff's, AML INVESTMENT IX, LLC (hereinafter **"AML"** or **"Seller"**), Amended Complaint for Damages and Demand for Jury Trial (**"Complaint"**) [D.E. 8], and as grounds therefore, state as follows:

## I.  SUMMARY OF ARGUMENT

1.     Seller's Complaint should be dismissed with prejudice because the express language of the Parties' Contract, as amended by the Addendum (hereinafter defined), completely bars this Action, along with any claims by Seller that Buyers improperly failed to close on the subject Property (hereinafter defined) or were otherwise in default under the Contract.

2.     Notwithstanding that Seller's Count II for Breach of the Covenant of Good Faith and Fair Dealing is barred by the express language of the Contract, Count II must also be dismissed for failure to state a claim upon which relief may be granted because such claim is not permitted

where, like here, the application of the covenant would contravene the express terms of the agreement.

3.  In light of the foregoing, Buyers request that this Court dismiss the Seller's Complaint in its entirety with prejudice, and award Buyers their attorneys' fees and costs incurred in connection with their defense of the Complaint, pursuant to the Contract at ¶ 17.

## II.  BACKGROUND

4.  On April 24, 2018, Buyers and Seller entered into an "As Is" Residential Contract (the **"Contract"**) for the Sale and Purchase of a house located at 825 East Dilido Drive, Miami Beach, Florida 33139 (the **"Property"**).  [D.E. 8 at ¶ 8].  A copy of the Contract is attached to and incorporated in Seller's Complaint as **Exhibit 1**. [*See id.*; D.E. 8-1].

5.  The Contract was thereafter amended by an Addendum executed by the Parties on May 9, 2018, the last day of the Buyers' inspection period as provided under the Contract (the **"Addendum"**).  [D.E. 8 at ¶ 10]. A copy of the Addendum is attached to and incorporated in Seller's Complaint as **Exhibit 2**. [*See id.*; D.E. 8-2].

6.  Per the Addendum, the Parties agreed to extend the closing date under the Contract to June 15, 2018 (the **"Closing Date"**), with the closing to be contingent upon Seller's completion and/or repair of numerous "Punchlist Items" listed on Exhibit "A" to the Addendum, including, without limitation, multiple cracks in the exterior poured concrete of the Property's structure (hereinafter the **"Punchlist Items"**). [*See* D.E. 8 at ¶¶ 10-11; D.E. 8-2 at p. 2, ¶ 3, and at p. 8].  As provided in the express language of the Addendum, **Buyers were not required to close** on the Property unless all of the Punchlist Items were repaired, resolved, and completed "**to the Buyers' satisfaction, in their sole discretion**," which was considered and specifically defined in the Addendum as a "Condition" precedent to closing. *See id.* Specifically, the Addendum states:

2

**HABER SLADE, P.A.**

Notwithstanding anything to the contrary contained in this Contract, Buyer **shall not be obligated to close unless and until** the Punchlist Items, defined below, (the "Condition") are either fulfilled or waived, in writing, by Buyer: Seller shall be obligated to repair, remedy and otherwise resolve all of the items attached hereto as Exhibit A (the "Punchlist Items"), **prior to closing**, at Seller's sole cost and expense. **The completion of each of the Punchlist Items shall be deemed a Condition, and shall be completed to the Buyers' satisfaction, in their sole discretion**.

[D.E. 8-2 at ¶ 3 (emphasis added).]

7.      Specifically, with respect to the cracks, the Punchlist Items in the Addendum stated:

38.      All cracks found in the exterior poured concrete wall must be mitigated to reduce visibility and further expansion, which include, but are not limited to:
       a) One long crack that runs vertically clearly down the south exterior garage wall and mirrored on the interior south garage wall. Must be repaired outside and inside of garage.
       b) Series of cracks on the NW corner of the house next to the pool equipment.
       c) Cracks on the structural wall on the right side of the entrance door.
       d) Cracks on the structural wall on east side of house.
       e) Cracks behind Garage.
       f) Cracks behind pool equipment.

[D.E. 8-2 at p.8.]

8.      The Buyers deposited $1,000,000.00 into escrow in connection with the Contract to purchase the Property (the **"Deposit"**). *See* D.E. 8-1 at ¶ 1.

9.      On June 14, 2018, the Buyers, through counsel, notified Seller via written correspondence [D.E. 8-3] that several Punchlist Items and title issues had not been resolved to Buyers' satisfaction, and did not appear capable of correction prior to the June 15, 2018 Closing Date. As such, Buyers' counsel informed Seller that, unless all remaining Punchlist Items were resolved and full performance of the Contract by Seller occurred on or before the Closing Date, the Contract would be canceled as permitted by the Addendum, and the Seller would be required to return the Buyers' deposit. [D.E 8-3 at p. 2.].

3

**HABER SLADE, P.A.**

10.     Buyer's counsel's June 14, 2018 letter attached as Exhibit 3 to Seller's Complaint further states:

> In order to ascertain whether the Punchlist Items have been or will be able to be resolved prior to closing (set in paragraph 2 [of the Addendum] as June 15, 2018), my client(s) retained the services of . . . a structural engineer and a home inspector. We have been advised of extensive deficiencies which demonstrate that compliance with the terms of said paragraph have not been (a) commenced; (b) done; nor (c) can be done timely.

[D.E. 8-3, p.2].

11.     Because Seller did not fully resolve the Punchlist Item Condition by the Closing Date, Buyers did not close on the Property in accordance with their clear right under the express terms of the Addendum. *See* Compl. at ¶ 23; D.E. 8-2 at ¶ 3; *see also* correspondence from Buyers' attorney to Sellers, dated June 15, 2018, which cancels the Contract due to Seller's default, a true and correct copy of which is attached hereto and incorporated herein as **Exhibit "1"**.[1]

12.     Notwithstanding the foregoing, Buyers' Deposit has not been returned to Buyers, despite demand. *See* Compl. at ¶ 17; D.E. 8-3; **Exhibit "1"**.

13.     Instead, Seller brought this lawsuit, which is barred by the terms of the Contract and must be dismissed as a matter of law for the reasons set forth below.

14.     The Contract states: "In any litigation permitted by this Contract, the prevailing party shall be entitled to recover from the non-prevailing party costs and fees, including reasonable attorney's fees, incurred in conducting the litigation. This Paragraph 17 shall survive Closing or

---

[1] The Court may and should consider the true and correct copies of the parties' correspondence attached to this Motion to Dismiss. *See, e.g., Absolute Activist Value Master Fund Ltd. v. Devine*, 233 F. Supp. 3d 1297, 1316 (M.D. Fla. 2017) ("[A] district court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.") (internal quotations omitted) (citing *Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005) (court could consider form dealership contract without converting dismissal motion into one for summary judgment where contract's authenticity was undisputed and contract was central to merits of claim)).

termination of this Contract." [D.E. 8-1  at ¶17; D.E. 8 at ¶18.]

### III.  ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

#### A.     Legal Standard on a Motion to Dismiss.

As a general rule, the Court must limit its consideration to the pleadings and exhibits attached thereto when deciding a Rule 12(b)(6) motion to dismiss. *Blue Water Enterprises, Inc. v. Town of Palm Beach, Fla.,* No. 16-81771-CIV, 2017 WL 3895592, at *2 (S.D. Fla. Sept. 6, 2017) (citing *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)) (internal quotations omitted).   However, factual matters found in the exhibits to the Complaint will control over conflicting, conclusory allegations within the Complaint.  *See, e.g., Jimenez v. Cont'l Serv. Grp. Inc. Conserve*, No. 17-CV-60270, 2017 WL 2833441, at *4 (S.D. Fla. June 30, 2017) (citing *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.")); *see also Berry v. U.S. Bank Nat'l Ass'n*, No. 14-24877-CIV, 2015 WL 11233192, at *3 (S.D. Fla. Apr. 29, 2015) ("Factual disclosures found in exhibits to a pleading can be the basis for dismissal when they reveal information preventing recovery as a matter of law.").

Additionally, while contract interpretation is not usually a matter for the dismissal stage, "where the contract terms are unambiguous, a court may properly consider a motion to dismiss for failure to state a claim for breach." *Vazquez v. Gen. Motors, LLC*, No. 17-22209-CIV, 2018 WL 447644, at *3 (S.D. Fla. Jan. 16, 2018) (internal quotations omitted) (citing *Success Healthcare, LLC v. Zurich Am. Ins. Co.*, 9:14-81423-CIV, 2015 WL 11439019, at *3 (S.D. Fla. Mar. 20, 2015)); *see also Sarria Holdings, Inc. v. Walgreen Co.*, 2003 WL 1528711, at *2 (S.D. Fla. Jan.

31, 2003) ("[T]his court can look to the contract itself and determine if it speaks to the issues in dispute. If the contract covers plaintiff's claims in clear and unambiguous language, then plaintiff's ability to state a claim upon which relief may be granted, thus surviving this motion to dismiss, depends on the specific terms of the contract, which the court analyzes as a matter of law.").

**B.**   **The Parties' Agreement on its Face Bars Seller's Lawsuit against Buyers for their Alleged "Refusal to Close" on the Property.**

The Agreement explicitly provides the Buyers with an absolute right to determine, in their sole discretion, whether they are satisfied with repair of the Punchlist Items by Seller as a condition precedent to closing. *See* D.E. 8-2 at ¶ 3. Thus, under the plain language of the Agreement, Seller cannot maintain an action against Buyers for a purported failure or refusal to close when the Punchlist Items were not repaired and resolved by Seller to Buyers' satisfaction in their sole discretion. As stated in Buyers' counsel's letters attached to the Complaint and hereto, the Punchlist Items were not completed to Buyers' satisfaction. *See* D.E. 8-3; **Exhibit "1"**. Thus, Buyers had no obligation to close, and Seller cannot maintain a cause of action against Buyers for refusing to close pursuant to the express terms of the Contract, as amended by the Addendum, due to the nonoccurrence, in Buyers' sole discretion, of an express condition precedent to closing.

In considering a Motion to Dismiss, this Court must take the allegations in Plaintiff's Complaint as true, including any exhibits attached to the Compliant and incorporated by reference. However, Seller's Complaint presents a classic case of when a complaint's conflicting exhibits must control over its conclusory allegations for purposes of the Court's evaluation of a Motion to Dismiss. *See Jimenez*, No. 17-CV-60270, 2017 WL 2833441, at *4; *Irvin,* 496 F.3d at 1205-06; *Berry*, No. 14-24877-CIV, 2015 WL 11233192 at *3. Here, Seller claims, in conclusory fashion, that Seller repaired the Punchlist Items but that Buyers wrongfully refused to close. *See* Compl. at ¶¶ 12, 14. Such allegation is inapposite, as Seller cannot escape the fact that the Addendum to the

**HABER SLADE, P.A.**

Contract expressly required, as a defined Condition to closing, that the Punchlist Items must have been repaired and resolved to the Buyers' satisfaction within their sole discretion. The letter from Buyers' counsel attached to and included in Seller's Complaint actually proves that the Punchlist Items were not complete and resolved to Buyers' satisfaction, which, along with the letter attached as **Exhibit "1"** hereto, establishes that Buyers were entitled under the Contract to refuse to close. Indeed, the exhibits attached to the Seller's Complaint [D.E. 8-2, 8-3], as well as the Buyers' letter attached hereto (**Exhibit "1"**), govern over Seller's conflicting, conclusory, and self-serving allegations in the Complaint.  Consequently, the Court should dismiss the Complaint in its entirety for failure to state a claim upon which relief may be granted.

Because, on the face of the Addendum to the Contract and Buyers' June 14 and 15, 2018 letters, Seller can never maintain an action against Buyers' for refusing to close due to Seller's failure to resolve a Condition to Buyers' satisfaction, over which Buyers have sole discretion, the Court should dismiss Seller's Complaint with prejudice.  *See Jimenez*, No. 17-CV-60270, 2017 WL 2833441, at *2 ("[A] court may dismiss a plaintiff's complaint with prejudice if it concludes that an additional amendment would be futile… A court considers an additional amendment futile if, by amending the complaint, a plaintiff would still be unable to state a sufficient cause of action") (citing *Anderson v. Vanguard Car Rental USA, Inc.*, 304 Fed. Appx. 830, 832 (11th Cir. 2008)).

C.      <u>**Count II of the Complaint Fails to State a Claim for Breach of Implied Covenant of Good Faith and Fair Dealing and must be Dismissed.**</u>

In addition to Seller's Complaint being barred by the express terms of the Addendum, as reflected by Seller's own allegations and the documents attached as exhibits to Seller's Complaint, Count II must also be dismissed for failing to state a cause of action.

This Court has described the cause of action for Breach of the Implied Covenant of Good Faith and Fair Dealing under Florida law as follows:

7

**HABER SLADE, P.A.**

Under Florida law, every contract contains an implied covenant of good faith and fair dealing which protects the reasonable expectations of the contracting parties in light of their express agreement. The covenant is implied as a gap-filling default rule where the terms of the contract vest a party with substantial discretion, requiring that party to act in a commercially reasonable manner and limiting its ability to act capriciously to contravene the reasonable expectations of the contract counterparty. A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation. **The implied duty of good faith must, therefore, relate to the performance of an express term of the contract and cannot be used to vary the terms of an express contract. Further, the covenant cannot add an obligation to the contract which was not negotiated by the parties and not in the contract. As such, there are two limitations on such claims: (1) where application of the covenant would contravene the express terms of the agreement; and (2) where there is no accompanying action for breach of an express term of the agreement**.

*Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp. 3d 1368, 1378 (S.D. Fla. 2015) (internal citations and quotations omitted) (emphasis added).

First, without a properly pled breach of contract (given the deficiencies set forth above), Seller's Count II must necessarily fail, as a claim for a breach of the implied covenant of good faith and fair dealing is not an independent cause of action. *Id.*

Additionally, in regards to Buyers' discretion on the completion and repair of the Punchlist Items, Seller cannot ask this Court to vary the express terms of the Parties' Agreement that Buyers, in their sole discretion, were entitled to determine whether the Punchlist Items were completed to **their satisfaction** as a condition precedent to closing.  To do so would remove and impermissibly contravene the bargained-for terms and purpose of the parties' Agreement in executing the Addendum, and would take away an express right of the Buyers under the Addendum. *Librizzi*, 120 F. Supp. 3d at 1378.  Thus, Count II must be dismissed.

WHEREFORE, Defendants, the Kennedys, respectfully request that this Court enter an Order:

a)  Granting the instant Motion;

8

**HABER SLADE, P.A.**

b)   Dismissing Plaintiff's Complaint in its entirety, with prejudice;

c)   Alternatively, dismissing Count II, with prejudice, for failing to state a claim upon which relief may be granted;

d)   Denying Plaintiff's claim to the Deposit monies for the reasons set forth herein;

e)   Determining that the Kennedys are the prevailing party and awarding the Kennedys their attorneys' fees and costs incurred in the defense of this Action pursuant to the Contract at ¶ 17; and

f)   Granting any other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on September 26, 2018, the foregoing document was filed and served via CM/ECF to:

**Counsel for Plaintiff:**
George G. Mahfood, Esq.
Daniela Ferro, Esq.
Broad and Cassel LLP
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
GMahfood@BroadandCassel.com
DFerro@BroadandCassel.com

Respectfully submitted,

**HABER SLADE, P.A.**
251 NW 23rd Street
Miami, FL 33127
Telephone: (305) 379-2400
Facsimile: (305) 379-1106
E-mail: dbhpaservice@haber.law

By:   _/s/ Lauren Fallick_
        DAVID B. HABER, ESQ.
        Florida Bar No. 435368
        E-mail: dhaber@haber.law
        LAUREN FALLICK, ESQ.
        Florida Bar No. 0028946
        E-mail: lfallick@haber.law
        E-mail: mcelestin@haber.law
        REBECCA NEWMAN CASAMAYOR, ESQ.
        Florida Bar No. 99070
        E-mail: rcasamayor@haber.law

9
**HABER SLADE, P.A.**